UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| **HAYWARD WAYNE GRIFFEE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CAUSE NO.  3:08cv-330-S |
| | ) |
| **ADVANTAGE TANK LINES, LLC,** | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Hayward Wayne Griffee ("Griffee"), by counsel, brings this action against Defendant, Advantage Tank Lines, LLC ("Defendant") alleging violations of the Family and Medical Leave Act of 1993 (hereinafter "FMLA"), as amended, 29 U.S.C. §2601 et seq., the Americans with Disabilities Act of 1990 (hereinafter "ADA"), as amended, 42 U.S.C. § 12101 et seq. and the Kentucky Civil Rights Act ("KCRA").

**II. PARTIES**

2. Griffee is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Western District of Kentucky.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; 28 U.S.C. § 1367; 29 U.S.C. §2617(a)(2); and

42 U.S.C. § 12117.

5. Griffee's state law claim arises from the same common nucleus of operative facts as his federal law claims and all of his claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 29 U.S.C. §2611(4), 42 U.S.C. § 12111(5)(A) and KRS 344.030(2).

7. Beginning on or about January 27, 2006 and continuing until the separation of his employment, Griffee was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8. Griffee was an "employee" as that term is defined by 42 U.S.C. § 12111(4) and KRS 344.030(5).

9. Griffee satisfied his obligation to exhaust his administrative remedies having timely filed U.S. Equal Employment Opportunity Commission Charge No. 474-2007-01188 against Defendant alleging discrimination based on disability and retaliation. Griffee received his Notice of Suit Rights and timely files this action.

10. Defendant employs more than five hundred (500) employees.

11. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Western District of Kentucky, thus venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

12. Griffee was hired by Defendant on or about January 27, 2005 as a Driver.

13. At all times relevant, Griffee met or exceeded Defendant's legitimate performance expectations.

14. From the commencement of his employment, Griffee worked Friday through Monday each week and, because he worked the weekend shift, received an additional $50.00 per day in compensation. This schedule was referred to by Defendant as its "Weekend Warrior" program.

15. The schedule associated with the Weekend Warrior program allowed Griffee to care for the basic needs of his disabled spouse on Tuesdays, Wednesdays and Thursdays.

16. At all times relevant to this lawsuit, Defendant was aware of Griffee's spouse's health condition and Griffee's schedule limitations.

17. On or about May 4, 2007 and May 25, 2007, Griffee was absent to care for his spouse. When Griffee reported his absence to Defendant, Dave Kendall, Supervisor, stated "you can't call in just because your wife is sick."

18. On or about June 4, 2007, Griffee reported to Kevin Emerson, Terminal Manager, that he needed to be absent to care for his wife.

19. On or about June 7, 2007, Griffee requested intermittent FMLA to care for his spouse.

20. On or about June 7, 2007, Defendant faxed Griffee acknowledging his request for leave and providing him with certain paperwork to be completed.

21. On or about June 8, 2007, Emerson called Griffee into the office and complained that Griffee was not taking enough runs.

22. On or about June 15, 2007, Defendant removed Griffee from the Weekend Warrior program and changed his schedule to Monday thru Friday. Griffee protested that he would have no one to care for his wife on Tuesdays, Wednesdays and Thursdays under the new schedule.

Emerson replied that Griffee must work the new schedule or Defendant "did not need him there anymore." Further, Emerson acknowledged the distraction caused by Griffee's spouse's disability when he told Griffee that he needed to choose between his job and his need to care for his wife.

23. On or about June 22, 2007, Griffee timely returned the formal Family and Medical Leave Request Form and Certification of Health Care Provider requested by the Defendant on June 7, 2007.

24. On or about July 2, 2007, Defendant finally approved Griffee's application for intermittent FMLA leave. As a result, Defendant returned Griffee to the Weekend Warrior program. However, Defendant stated that Griffee would no longer receive the additional $50.00 per day paid to the other individuals in the program. The other participants in the Weekend Warrior program, who are not associated with an individual with a disability and/or who had not requested leave under the FMLA, continued to receive the additional $50.00 per day.

25. On or about July 12, 2007, Griffee filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission alleging discrimination based on his association with an individual with a disability. As such, Griffee engaged in protected activity.

26. On or about July 27, 2007, upon receiving notice of Griffee's Charge of Discrimination, Emerson called Griffee into his office wherein he harassed Griffee by interrogating and threatening his continued employment unless he signed the disciplinary letter from July 2, 2007.

27. Then, in August 2007, Emerson began to intentionally schedule Griffee in a manner that would conflict with his disabled spouse's care. During the last week of August,

Griffee was forced to utilize his intermittent FMLA leave after Emerson scheduled him to work six days in a row.

28. When Emerson was informed that Griffee was utilizing FMLA on August 25, 2007, he became angry at Griffee.

29. On or about August 31, 2007, Defendant suspended Griffee for purportedly failing to stop at a railroad crossing. However, Griffee did not fail to stop at the railroad crossing as alleged. Defendant's stated reason is pretext for its intent to discriminate against Griffee due to the distraction caused by his spouse's disability, the intermittent FMLA required to care for her and/or in retaliation for the protected activity in which he engaged.

30. On September 5, 2007, Defendant terminated Griffee's employment.

31. Similarly situated individuals who are not associated with an individual with a disability, did not exercise their rights under the FMLA and/or did not engage in protected activity have not been terminated for infractions similar to those Defendant accused Griffee of committing.

## V. CAUSES OF ACTION

### COUNT I: VIOLATION OF THE FMLA - INTERFERENCE

32. Griffee hereby incorporates paragraphs one (1) through thirty-one (31) of his Complaint.

33. Defendant interfered with Griffee's substantive rights under the FMLA by improperly delaying and/or denying him leave under the FMLA.

34. Griffee was subject to different terms and conditions of his employment based on his use of intermittent leave under the FMLA.

35. Defendant's termination of Griffee's employment violated the FMLA.

36. Defendant's actions were intentional, willful and in reckless disregard of Griffee's rights as protected by the FMLA.

37 Griffee suffered damages as a result of Defendant's unlawful actions.

### COUNT II: VIOLATION OF THE FMLA - RETALIATION

38. Griffee hereby incorporates paragraphs one (1) through thirty-seven (37) of his Complaint.

39. Defendant unlawfully retaliated against Griffee for the exercise of his rights under the FMLA.

40. Defendant's actions were intentional, willful and in reckless disregard of Griffee's rights as protected by the FMLA.

41. Griffee suffered damages as a result of Defendant's unlawful actions.

### COUNT III: DISABILITY DISCRIMINATION

42. Griffee hereby incorporates paragraphs one (1) through forty-one (41) of his Complaint.

43. Defendant discriminated against Griffee because of his association with an individual with a disability.

44. Defendant's intentional and willful actions were taken in reckless disregard for Griffee's rights as protected by the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12112(b)(4) and KRS 344.010, et. seq.

45. Griffee has suffered damages as a result of Defendant's unlawful actions.

## COUNT IV: RETALIATION

46. Griffee hereby incorporates paragraphs one (1) through forty-five (45) of his Complaint.

47. Griffee engaged in protected activity by filing a Charge of Discrimination complaining in good faith about what he perceived to be discrimination based on his association with an individual with a disability.

48. Defendant terminated Griffee's employment in retaliation for engaging in protected activity.

49. Defendant's intentional and willful actions were taken in reckless disregard for Griffee's rights as protected by the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. § 12112(b)(4) and KRS 344.280 et. seq.

50. Griffee has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Hayward Griffee, respectfully requests that this Court enter judgment in his favor and award his the following relief:

1. Reinstate Griffee to the position, salary, and seniority level he would have enjoyed but for Defendant's unlawful actions; and/or payment to Griffee of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Liquidated damages for Defendant's violation of the FMLA;

5. Compensatory damages for Defendant's violations of the ADA and the KCRA;

6. Punitive damages for Defendant's violations of the ADA and KCRA;

7. All costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgment interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,
BIESECKER & DUTKANYCH, LLC

By:  /s/ Andrew Dutkanych III
Andrew Dutkanych III, Attorney No. 91190
101 North Seventh Street
Louisville, KY 40202
Telephone:	(502) 561-3418
Facsimile:	(502) 561-3444
Email:		ad@bdlegal.com

Attorneys for Plaintiff, Hayward Griffee

## **DEMAND FOR JURY TRIAL**

Plaintiff, Hayward Griffee, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER & DUTKANYCH, LLC

By:  /s/ Andrew Dutkanych III
Andrew Dutkanych III, Attorney No. 91190
101 North Seventh Street
Louisville, KY 40202
Telephone:	(502) 561-3418
Facsimile:	(502) 561-3444
Email:		ad@bdlegal.com

Attorneys for Plaintiff, Hayward Griffee